

1  William M. Hogg (SBN 338196)
**JOSEPHSON DUNLAP, LLP**
2  11 Greenway Plaza, Suite 3050
Houston, Texas 77046
3  Tel: (713) 352-1100
Fax: (713) 352-3300
4  whogg@mybackwages.com

5  *Counsel for Plaintiff, Class, and Collective Members*

6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9  **SUSAN ENCISO, Individually and for Others Similarly Situated,**          Case No. 2:23-cv-04423

10                                                                             **ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**
11             **Plaintiff,**

12  **vs.**                                                                    (1)  Fair Labor Standards Act;
                                                                               (2)  Failure to Pay Overtime (Cal. Lab. Code § 510);
13  **STAFFMARK INVESTMENT, LLC,**                                             (3)  Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7 and 512);
14             **Defendant.**                                                  (4)  Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);
15
16                                                                             (5)  Waiting Time Penalties (Cal. Lab. Code §§ 201-203); and
17                                                                             (6)  Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).
18
19
20                                                                             **DEMAND FOR JURY TRIAL**
21
22
23
24
25
26
27
28

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

Plaintiff Susan Enciso ("Enciso"), Individually and on Behalf of Others Similarly Situated, complains and alleges as follows:

### **SUMMARY**

1.     Enciso brings this class and collective action to recover unpaid wages, other damages, and restitution from Staffmark Investment, LLC ("Staffmark").

2.     Enciso worked for Staffmark as a Recruiter in Gardena, California.

3.     Like the putative Class and Collective Members (defined below), Enciso regularly worked more than 8 hours in a day and 40 hours in a week.

4.     In fact, Enciso, Class, and Collective Members typically work 10-to-12 hours a day for up to 6 days a week.

5.     But Staffmark never paid them overtime compensation.

6.     Instead of paying overtime, Staffmark misclassifies Enciso, Class, and Collective Members as exempt employees and pays them a salary with no overtime compensation.

7.     Staffmark's salary pay scheme violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* by depriving these employees (Enciso and the putative Collective Members) of overtime wages for all hours worked in excess of 8 hours in a day and/or 40 hours in a workweek.

8.     Staffmark's salary pay scheme also violates various provisions of the California Labor Code and Wage Orders by depriving these employees (Enciso and the putative Class Members) of overtime wages at 1.5 times their regular rates of pay for all hours worked in excess of 8 hours in a day and/or 40 hours in a workweek, and of double time wages for all hours worked in excess of 12 hours in a day.

9.     Further, in addition to failing to pay Enciso and the putative Class Members overtime wages, Staffmark also fails to provide these employees with compliant meal and rest periods.

10.     Instead, Staffmark requires these employees to remain on-duty and to

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

1  perform work throughout their shifts and fails to provide them with *bona fide*, timely, and

2  compliant meal and rest periods.

3      11.    Despite depriving Enciso and putative Class Members of their required meal

4  and rest periods, Staffmark does not pay these employees the required premium pay for

5  each denied meal and rest period in violation of California law.

6      12.    Staffmark likewise fails to provide timely, accurate, and compliant wage

7  statements to Encisco and Class Members in violation of California law.

8  **JURISDICTION AND VENUE**

9      13.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §

10  1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11      14.    The Court also has supplemental jurisdiction over the state-law claims

12  because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

13      15.    This Court has personal jurisdiction over Staffmark because Staffmark

14  maintains offices in this District, employs numerous workers in this district, including

15  Enciso, and is registered to do business in the State of California.

16      16.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

17      17.    Staffmark employs numerous workers in this District, including Enciso, and

18  a substantial part of the events giving rise to Enciso's claims occurred within this District.

19  **PARTIES**

20      18.    Enciso worked for Staffmark as a Recruiter in Gardena, California from

21  approximately September 2020 through October 2021.

22      19.    Throughout her employment, Staffmark classified Enciso as exempt from

23  overtime and paid her on a salary basis with no daily or weekly overtime compensation.

24      20.    Throughout her employment, Staffmark failed to provide Enciso with

25  compliant meal and rest periods and failed to pay her the required premium pay for each

26  meal and rest period Staffmark denied her.

27      21.    Enciso brings this Action on behalf of herself and other similarly situated

28

Staffmark Recruiters who were misclassified as exempt and paid on a salary basis with no overtime compensation.

22.     Staffmark uniformly misclassifies these employees as exempt from overtime and pays them a salary with no overtime compensation in violation of the FLSA and California wage laws.

23.     Likewise, Staffmark uniformly deprives these employees of compliant meal and rest periods but fails to pay Enciso and the putative Class Members the requisite premium pay for each meal and rest period Staffmark denies them in violation of California wage and hour law.

24.     The proposed FLSA Collective of similarly situated employees is defined as:

> **All current and former Staffmark Recruiters (also known as "Recruiting Managers") who were classified as exempt from overtime and paid a salary with no overtime compensation at any time from three (3) years before the filing of this Complaint through final resolution of this Action (the "Collective Members").**

25.     Enciso also seeks to represent a class and/or sub-class(es), as may be appropriate, pursuant to Federal Rule of Civil Procedure 23 with respect to her state law causes of action.

26.     The proposed Class of similarly situated employees is defined as:

> **All current and former Staffmark Recruiters (also known as "Recruiting Managers") in California who were classified as exempt from overtime and paid a salary with no overtime compensation at any time starting four (4) years prior to the filing of this Complaint through final resolution of this Action (the "Class Members").**

27.     Staffmark is a Delaware limited liability company that maintains its headquarters in Ohio and is registered to do business in California.

28.     Staffmark may be served with process by serving its registered agent: **C T Corporation System, 330 North Brand Boulevard, Suite 700, Glendale, California 91203.**

/ / /

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

**FLSA COVERAGE**

29.     At all relevant times, Staffmark was an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

30.     At all relevant times, Staffmark was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

31.     At all relevant times, Staffmark was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA. 29 U.S.C. § 203(s)(1).

32.     At all relevant times, Staffmark has had an annual gross business volume of not less than $500,000 each year.

33.     At all relevant times, Staffmark has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as personal protective equipment, computers, and cell phones.

34.     At all relevant times, Enciso and the putative Collective Members were engaged in commerce or in the production of goods for commerce.

35.     Staffmark uniformly misclassifies Enciso and the putative Collective Members as exempt from overtime and pays them a salary with no overtime compensation.

36.     Staffmark's exempt misclassification and salary with no overtime pay scheme, which deprives Enciso and the putative Collective Members of overtime compensation when they work more than 40 hours in a workweek, is a violation of the FLSA, 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

37.     Staffmark is an employment and staffing company that operates throughout the United States, including in California.

38.     Staffmark hires Recruiters, including Enciso, Class, and Collective Members,

1    to provide recruitment and staffing services to its clients.

2    39.    Staffmark uniformly classifies these Recruiters as exempt and pays them a

3    salary with no overtime compensation.

4    40.    While exact job titles and job duties may differ, these employees are subjected

5    to the same or similar illegal pay practices for similar work.

6    41.    For example, Enciso worked for Staffmark as a Recruiter in Gardena,

7    California from approximately September 2020 through October 2021.

8    42.    Throughout her employment, Staffmark classified her as exempt from

9    overtime and paid her a salary with no overtime compensation.

10    43.    Enciso, Class, and Collective Members worked under Staffmark's uniform

11    exempt misclassification and salary with no overtime pay scheme.

12    44.    As Recruiters, Enciso's, Class, and Collective Members' primary

13    responsibilities included calling and emailing potential candidates, preparing profiles of

14    these workers, screening candidates' qualifications, preparing candidates for interviews

15    and placing them in positions in accordance with Staffmark's (and its clients') policies,

16    procedures, specifications, and expectations.

17    45.    As Recruiters, Enciso, Class, and Collective Members perform non-exempt

18    job duties including calling potential employees for placement into companies that

19    contracted with Staffmark.

20    46.    Enciso's, Class, and Collective Members' job functions were primarily

21    technical in nature, requiring little to no official training, much less a college education or

22    other advanced degree.

23    47.    Staffmark uniformly subjected Enciso, Class, and Collective Members to

24    policies and procedures which dictated their day-to-day activities.

25    48.    The recruiting work Enciso, Class, and Collective Members perform is an

26    essential and integral part of Staffmark's core business.

27    49.    Enciso, Class, and Collective Members are "line employees" of Staffmark.

28

50.    No advanced degree is required to become a Staffmark Recruiter.

51.    Being a Staffmark Recruiter does not require specialized academic training as a standard prerequisite.

52.    Enciso, Class, and Collective Members do not have any supervisory or management duties.

53.    To the extent Enciso, Class, and Collective Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

54.    Instead, Enciso, Class, and Collective Members apply well-established techniques and procedures, and use established standards to evaluate any issues.

55.    Enciso, Class, and Collective Members do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

56.    Staffmark's Recruiters, including Enciso, Class, and Collective Members, are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

57.    With these job duties, Enciso, Class, and Collective Members are clearly non-exempt employees under the FLSA and California wage laws and, therefore, entitled to overtime compensation.

58.    But Staffmark does not pay Enciso and the putative Collective Members overtime compensation when they work in excess of 40 hours in a workweek in violation of the FLSA.

59.    Likewise, Staffmark does not pay Enciso and the putative Class Members overtime compensation when they work in excess of 8 hours in a day and/or in excess of 40 hours in a workweek in violation of California wage laws.

60.    This is despite Enciso, Class, and Collective Members regularly working 10-to-12 hours a day for 5-to-6 days a week.

61.    Enciso worked more than 8 hours in a least one workday during the four years before this Complaint was filed.

62.    Likewise, each putative Class Member worked more than 8 hours in at least one workday during the four years before this Complaint was filed.

63.    Enciso worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

64.    Likewise, each putative Collective Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

65.    But Staffmark does not pay these employees overtime compensation.

66.    Rather, under Staffmark's uniform exempt misclassification and salary with no overtime pay scheme, Enciso, Class, and Collective Members are denied overtime compensation when they work in excess of 8 hours in a day and/or 40 hours in a week in violation of the FLSA and/or California wage laws.

67.    Staffmark knows Enciso, Class, and Collective Members routinely work more than 8 hours in a day, and often work 10-to-12 hours in a day, because Staffmark expects and requires these employees to do so.

68.    But Staffmark does not pay Enciso, Class, and Collective Members overtime wages for the overtime hours they work in a day or week in violation of the FLSA and/or California wage laws.

69.    When Enciso and the putative Class Members worked more than 8 hours in a workday, Staffmark did not pay then 1.5 times their regular hourly rate for all overtime hours worked.

70.    Additionally, when Enciso and the putative Class Members worked more than 12 hours in a workday, Staffmark did not pay them double their regular hourly rate for all such "double time" hours worked.

71.    In addition to depriving Enciso, Class, and Collective Members of overtime wages, Staffmark also fails to provide Enciso and the putative Class Members with compliant meal and rest periods.

72.    Instead, Staffmark requires Enciso and the putative Class Members to work

1    continuously throughout their shifts, and these employees are never fully relieved of all

2    their duties for 30 consecutive minutes.

3    73.    Staffmark expected and required putative Class Members, including Enciso,

4    to be available to work during their entire shifts, even during any attempted meal and rest

5    breaks.

6    74.    As a result, the time worked by Enciso and the putative Class Members goes

7    unrecorded.

8    75.    Staffmark fails to pay Enciso and the putative Class Members premium wages

9    for their missed breaks in violation of California law.

10    76.    Staffmark also does not provide Enciso and the putative Class Members with

11    accurate itemized wage statements as required by California law.

12    77.    The wage statements provided to Enciso and the putative Class Members are

13    not accurate because they do not reflect the actual hours worked by Enciso and the

14    putative Class Members.

15    78.    As a result of Staffmark's misclassification of Enciso and the putative Class

16    Members as exempt from overtime when such employees are properly categorized as

17    non-exempt, the wage statements provided by Staffmark do not contain accurate number

18    of hours worked, and do not accurately reflect the actual gross wages earned, overtime

19    wages earned, premium pay earned, and/or actual net wages earned.

20    79.    Staffmark knew, or should have known, it was subject to the FLSA and

21    California wage laws, including their respective overtime provisions.

22    80.    Staffmark knew, or should have known, the FLSA and California wage laws

23    require it to pay employees, including Enciso, Class, and Collective Members, overtime

24    wages at rates not less than 1.5 times these employees' regular rates of pay for all hours

25    worked in excess of 40 hours in a workweek.

26    81.    Staffmark knew, or should have known, California wage laws require it to pay

27    employees, including Enciso and the putative Class Members, overtime wages at rates not

28

less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 8 hours in a workday and double time wages at rates not less than 2 times these employees' regular rates of pay for all hours worked in excess of 12 hours in a workday.

82.     Staffmark knew, or should have known, Enciso and the putative Class Members worked more than 8 hours in a day because Staffmark expected and required them to do so.

83.     Staffmark knew, or should have known, Enciso, Class, and Collective Members worked more than 40 hours in a week because Staffmark expected and required them to do so.

84.     Staffmark knew, or should have known, Enciso, Class, and Collective Members were non-exempt employees and, therefore, entitled to overtime compensation.

85.     Staffmark knew, or should have known, California wage laws require it to provide California employees, including Enciso and the putative Class Members, a 30-minute meal period when they work more than 5 hours in a day, as well as a second 30-minute meal period when they work more than 10 hours in a day.

86.     Staffmark knew, or should have known, Enciso and the putative Class Members work continuously throughout their shifts and are deprived of compliant *bona fide* meal periods.

87.     Staffmark knew, or should have known, California wage laws require it to provide California employees, including Enciso and the putative Class Members, a 10-minute rest period for every 4 hours of work.

88.     Staffmark knew, or should have known, California wage laws require it to pay California employees, including Enciso and the putative Class Members, one hour of premium pay at their regular rates of pay for each workday that a compliant meal and/or rest period is not timely provided.

89.     Staffmark knowingly, willfully, and/or in reckless disregard carried out these illegal policies and practices that deprived Enciso, Class, and Collective Members of

overtime compensation and/or meal and rest period premium pay in violation of the FLSA and/or California wage laws.

90. Nonetheless, Staffmark failed to pay Enciso, Class, and Collective Members overtime compensation for all hours worked.

91. Likewise, Staffmark failed to pay Enciso and the putative Class Members premium pay for the meal and rest periods Staffmark illegally denied them.

92. Staffmark's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Enciso, Class, and Collective Members.

93. In particular, Staffmark failed to record hours that Enciso, Class, and Collective Members worked during their shifts due to Staffmark's misclassification scheme, as well as during missed meal and rest periods.

94. Staffmark's failure to pay Enciso, Class, and Collective Members overtime pay was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

95. Likewise, Staffmark's failure to pay Enciso and the putative Class Members premium pay for the missed meal/rest periods was neither reasonable, nor was the decision not to pay these employees premium pay for their denied meal/rest periods made in good faith.

96. Further, Staffmark did not provide Enciso and Class Members with full payment of all wages owed at the end of employment.

97. As these workers are owed for unpaid overtime wages and premium wages when their employment ends, and these amounts remain unpaid under Staffmark's policies and practices, Staffmark fails to pay all wages due upon termination. As a consequent, Staffmark is subject to waiting time penalties.

98. Staffmark's violations of the FLSA and California wage laws was willful, carried out in bad faith, and caused significant damages to these workers.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

99.    Enciso brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

100.    Per 29 U.S.C. § 216(b), this Action may be brought as an "opt-in" collective action for the FLSA claims asserted by Enciso because her claims are similar to the claims possessed by the Collective Members.

101.    The putative Collective Members were uniformly victimized by Staffmark's illegal misclassification and salary with no overtime pay scheme, which are in willful violation of the FLSA.

102.    Other putative Collective Members worked with Enciso and indicated they were paid in the same manner and were subject to Staffmark's same illegal policies.

103.    Based on her experiences with Staffmark, Enciso is aware Staffmark's illegal practices were imposed on the putative Collective Members.

104.    The putative Collective Members are similarly situated in all relevant respects.

105.    Even if the precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

106.    Therefore, the specific job titles or precise job locations of the various members of the putative Collective do not prevent collective treatment.

107.    Rather, the putative Collective is held together by Staffmark's uniform salary with no overtime pay scheme that systematically deprived Enciso and the putative Collective Members of overtime wages when they worked more than 40 hours in a week.

108.    The proposed Collective Members are defined, *supra*, at Paragraph 23.

109.    The putative Collective Members perform or have performed the same or similar job duties with Staffmark as Enciso.

110.    The putative Collective Members regularly work or have worked more than 40 hours during a workweek during their employment with Staffmark.

111.    The putative Collective Members are similarly misclassified as exempt from

1    overtime like Enciso.

2    112.   Staffmark's failure to pay overtime compensation as required by the FLSA

3    resulted from generally applicable policies and practices, and di not depend on the

4    personal circumstances of the Collective Members.

5    113.   Enciso's and putative Collective Members' claims arise from a common

6    nucleus of operative facts; namely, Staffmark's misclassification as exempt with no

7    overtime pay scheme.

8    114.   Staffmark's FLSA liability is based on a systematic course of wrongful

9    conduct that caused harm to all putative Collective Members.

10    115.   Staffmark had a plan, policy or practice of misclassifying Recruiters like

11    Enciso and the putative Collective Members as exempt from overtime and thereby failing

12    to pay those workers overtime wages when they worked in excess of 40 hours in a

13    workweek.

14    116.   As such, the Collective of similarly situated potential plaintiffs is properly

15    defined as stated *supra*, at Paragraph 23.

16    117.   The precise number of putative Collective Members, as well as their names

17    and contact information, is readily available and identifiable from Staffmark's personnel

18    and payroll records.

19    **RULE 23 CLASS ACTION ALLEGATIONS**

20    118.   Enciso brings her California wage-and-hour claims and/or her claim under

21    the Business and Professions Code §§ 17200, *et seq.*, as a class action pursuant to Federal

22    Rule of Civil Procedure 23.

23    119.   The proposed class and/or any subclass(es) are maintainable pursuant to Fed.

24    R. Civ. P. 23(a), as well as Fed. R. Civ. P. 23(b)(1) and/or (b)(3).

25    120.   The putative Class Members were uniformly victimized by Staffmark's illegal

26    misclassification and salary with no overtime pay scheme, which are in willful violation of

27    California law.

28

121.    The putative Class is properly defined *supra*, at Paragraph 25.

122.    This Action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

123.    Enciso is informed and believes that the number of potential Class Members exceeds 50.

124.    This volume makes bringing the claims of each individual member of the Class impracticable.

125.    Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable.

126.    The identities of the Class will be determined from Staffmark's records, as will the compensation paid to each of them.

127.    As such, a class action is a reasonable and practical means of resolving these claims.

128.    To require individual actions would prejudice both the Class Members and Staffmark.

129.    There are questions of law and fact common to Plaintiff and the Class Members that predominate over any questions affecting only individual members of the Class.

130.    These common questions of law and fact include, but are not limited to:

      a.    Whether Staffmark misclassified Enciso and the Class Members as exempt from overtime in violation of California law;

      b.    Whether Staffmark engaged in a policy or practice of failing to pay Enciso and the Class Members overtime wages, at either one and one-half times or double the regular rate of pay, in violation of California law;

      c.    Whether Staffmark failed to authorize and permit, make available, and/or provide Enciso and Class Members with timely meal and rest periods

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

which they are entitled in violation of California law;

d. Whether Staffmark failed to pay Enciso and the Class Members the requisite premium pay for each workday that a meal and/or rest period was denied in violation of California law;

e. Whether Staffmark failed to provide Enciso and the Class Members with timely, accurate and compliant itemized wage statements in violation of California law;

f. Whether Staffmark failed to timely pay Enciso and the Class Members for all wages owed upon termination of employment in violation of California law;

g. Whether Staffmark's violations of the California wage laws resulting from a continuing course of conduct;

h. Whether Staffmark's decision to pay Enciso and the Class Members overtime compensation was made in good faith;

i. Whether Staffmark's violations of the California wage laws were willful and knowing;

j. Whether Staffmark violated the Business and Professions Code §§ 17200 *et seq.* by:

    i. Misclassifying Class Members as exempt from overtime;

    ii. Failing to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class Members;

    iii. Failing to authorize and permit, make available, and/or provide Class Members with timely meal and rest periods to which they are entitled;

    iv. Failing to pay premium pay penalties to Class Members for meal and rest period violations;

    v. Failing to provide Class Members with timely, accurate itemized

wage statements; and

vi. Failing to pay Class Members for all wages upon termination of employment; and

k. The proper formula for calculating restitution, damages and penalties owed to Enciso and the Class as alleged herein.

131. Enciso's claims are typical of the Class Members' claims.

132. Staffmark's common course of conduct in violation of California law as alleged herein caused Enciso and the Class Members to sustain the same or similar types of injuries and damages.

133. Enciso's claims are thereby representative of and co-extensive with the claims of the putative Class.

134. Enciso seeks relief for California state law violations perpetrated by Staffmark. In that sense, Enciso does not have any conflicts of interest with other Class Members and will prosecute the vase vigorously on behalf of the Class.

135. Counsel representing Enciso is competent and experienced in litigating complex cases and large class actions, including wage and hour cases.

136. Enciso will fairly and adequately represent and protect the interests of the Class Members.

137. A class action is superior to other available means for the fair and efficient adjudication of this controversy.

138. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.

139. Each proposed Class Members has been damaged and is entitled to recovery by reason of Staffmark's illegal policies and/or practices.

140. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

1   judicial system.

2       141.    Alternatively, the Class may be certified because the prosecution of separate

3   actions by the individual members of the Class would create a risk of inconsistent or

4   varying adjudication with respect to individual members of the Class which would

5   establish incompatible standards of conduct for Staffmark.

6       142.    If each individual Class Member were required to file an individual lawsuit,

7   Staffmark would necessarily gain an unconscionable advantage because Staffmark would

8   be able to exploit and overwhelm the limited resources of each Class Member with

9   Staffmark's vastly superior financial legal resources.

10      143.    Requiring each individual Class Member to pursue an individual remedy

11  would also discourage the assertion of lawful claims by the Class Members who would be

12  disinclined to pursue these claims against Staffmark because of an appreciable and

13  justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

14      144.    The proposed Class Members may properly receive notice of the class action

15  by mail, email, and/or by text message, and such contact information necessary to

16  facilitate such notice is readily ascertainable from Staffmark's personnel records.

### FIRST CAUSE OF ACTION
**Failure to Pay Overtime Under the FLSA**
**(FLSA Collective Action)**

19      145.    Enciso realleges and incorporates all other paragraphs by reference.

20      146.    Enciso brings her FLSA claim as a collective action pursuant to 29 U.S.C. §

21  216(b).

22      147.    Staffmark misclassified Enciso and the Collective Members as exempt from

23  overtime when these workers are actually non-exempt and eligible to earn overtime wages

24  under the FLSA.

25      148.    Staffmark has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. §

26  207, by employing non-exempt employees (Enciso and the Collective Members) in an

27  enterprise engaged in commerce or in the production of goods for commerce within the

28

meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their work in excess of 40 hours per week at rates of not less than 1.5 times their regular rates of pay.

149.    Staffmark knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Enciso and the Collective Members overtime compensation.

150.    Staffmark's failure to pay Enciso and the Collective Members overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

151.    Accordingly, Enciso and the Collective Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay for all overtime hours worked, plus liquidated damages, attorneys' fees, costs, and post-judgment interest.

### SECOND CAUSE OF ACTION
#### Failure to Pay Overtime Under California Law
#### (Rule 23 Class Action)

152.    Enciso realleges and incorporates all other paragraphs by reference.

153.    Enciso brings her overtime claim under the California Labor Code and Wage Order(s) as a Rule 23 class action.

154.    At all relevant time, Staffmark was Enciso's and Class Members' "employer" within the meaning prescribed in the Labor Code.

155.    At all relevant times, Staffmark was subject to the Labor Code and applicable Wage Orders.

156.    Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

employee.

157.    IWC Wage Order 4-2001(3)(A)(1), & (3) states that employees:

> . . . shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

158.    Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

159.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

160.    Despite regularly working over 8 hours a day and/or 40 hours in a workweek as part of their normal and regular schedules, Enciso and the Class Members did not receive overtime compensation for all overtime hours worked.

161.    Despite occasionally working over 12 hours a day with Staffmark's knowledge of such work, Enciso and the Class Members did not receive double time compensation for such hours worked.

162.    Staffmark's pattern, practice, and uniform administration of corporate policy and practices regarding illegal employee compensation is unlawful and entitles Enciso and the Class Members to recover the unpaid balance of the full amount of overtime wages owed, including 1.5 times and double time wages, an equal amount as liquidated damages, interest at the highest applicable rates, and attorneys' fees and costs.

/ / /

## THIRD CAUSE OF ACTION
**Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods Pursuant to California Labor Code §§ 226.7 and 512**
**(Rule 23 Class Action)**

163.    Enciso realleges and incorporates all other paragraphs by reference.

164.    Staffmark routinely does not make meal periods available to Enciso and the Class Members.

165.    Despite long days regularly lasting in excess of 8, 10, and sometimes 12 hours, Enciso and the Class Members are often unable to take a meal break, are often prevented from timely taking a meal break, are otherwise subject to interruption during their meal breaks, and are frequently interrupted during their attempted meal breaks.

166.    Enciso and Class Members are not paid one hour of premium pay for the missed breaks as required by California law.

167.    Similar to meal periods, Staffmark regularly fails to make rest periods available to Enciso and the Class Members. When available, if ever, the rest periods are often not compliant. Instead, the rest periods are generally untimely or short.

168.    Enciso and the Class Members do not receive premium pay for their missed rest periods as required by California law.

169.    Labor Code §§ 226.7 and 512, and the applicable Wage Orders, require Staffmark to authorize and permit meal and rest periods to their employees.

170.    Labor Code §§ 226.7 and 512, and the applicable Wage Orders, prohibit employers like Staffmark from employing an employee for more than 5 hours without a meal period of not less than 30 minutes, and from employing an employee more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

171.    Labor Code § 226.7, and the applicable Wage Orders, also requires employers like Staffmark to authorize and permit employees to take 10 minutes of net rest time per 4 hours (or major fraction thereof) of work, and to pay employees their full wages during those rest periods.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

172.    Unless the employee is relieved of all duty during the 30-minute meal period and the 10-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

173.    Under Labor Code § 226.7(b), and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee 1 hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized or permitted.

174.    Similarly, an employer must pay an employee denied a required rest period 1 hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized, permitted, and/or not made available.

175.    Despite these statutory requirements, Staffmark has knowingly and willfully refused to perform its obligations to authorize, permit, and/or make available to Enciso and Class Members the ability to take the off-duty meal and rest periods to which they are entitled.

176.    Staffmark has also failed to pay Enciso and the Class Members 1 hour of pay for each off-duty meal and/or rest period that they are denied.

177.    As a proximate result of the aforementioned violations, Enciso and the Class Members have been damages in an amount according to proof at time of trial.

178.    Staffmark's conduct described herein violates Labor Code §§ 226.7 and 512.

179.    Pursuant to Labor Code § 226.7(b), Enciso and the Class are entitled to compensation for Staffmark's failure to authorize, permit, and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

## FOURTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
### Pursuant to Labor Code § 226
### (Rule 23 Class Action)

180.    Enciso realleges and incorporates all other paragraphs by reference.

181.    Staffmark does not provide Enciso and the Class Members with accurate

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

itemized wage statements as required by California law.

182.    Labor Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

183.    IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

184.    Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

185.    Enciso seeks to recover actual damages, costs and attorneys' fees under this section.

186.    Staffmark does not provide timely, accurate itemized wage statements to Enciso and the Class Members in accordance with Labor Code § 226(a), as well as the

1    IWC Wage Orders.

2    187.    The wage statements Staffmark provides their employees like Enciso and the

3    Class Members do not accurately reflect the actual hours worked, actual gross wages

4    earned, premium pay earned, or actual net wages earned.

5    188.    Staffmark is liable to Enciso and the Class Members as alleged herein for the

6    amounts described above, with interest thereon.

7    189.    Enciso and the Class Members are also entitled to an award of attorneys' fees

8    and costs pursuant to Labor Code § 226(e).

9    **FIFTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
10    **(Rule 23 Class Action)**

11    190.    Enciso realleges and incorporates all other paragraphs by reference.

12    191.    Staffmark did not provide Enciso and the Class Members with all their wages

13    when due under California law after their employment with Staffmark ended.

14    192.    Labor Code § 201 provides: "If an employer discharges an employee, the

15    wages earned and unpaid at the time of discharge are due and payable immediately."

16    193.    Labor Code § 202 provides: "If an employee not having a written contract

17    for a definite period quits his or her employment, his or her wages shall become due and

18    payable not later than 72 hours thereafter, unless the employee has given 72 hours

19    previous notice of his or her intention to quit, in which case the employee is entitled to

20    his or her wages at the time of quitting."

21    194.    Labor Code § 203 provides, in relevant part:

22    If an employer willfully fails to pay, without abatement or
reduction, in accordance with Sections 201, 201.5, 202, and
23    205.5, any wages of an employee who is discharged or who
quits, the wages of the employee shall continue as a penalty
24    from the due date thereof at the same rate until paid or until
an action therefor is commenced; but the wages shall not
25    continue for more than 30 days.

26    195.    Enciso and some of the Class Members left their employment with Staffmark

27    during the statutory period, at which time Staffmark owed them unpaid wages.

28

196.    These earned, but unpaid, wages derive from the unpaid overtime pay and premium pay owed by Staffmark.

197.    Staffmark willfully refused and continues to refuse to pay Enciso and the Class Members all wages due and owing to them, in the form of overtime pay and premium pay, upon the end of their employment as a result of Staffmark's misclassification scheme.

198.    As a result of Staffmark's actions, Enciso and the Class Members have suffered and continue to suffer substantial losses, including lost earnings and interest.

199.    Staffmark's failure to pay Enciso and Class Members the wages due and owing constitute a violation of Labor Code §§ 201-202. As a result, Staffmark is liable to Enciso and Class Members for all penalties owing pursuant to Labor Code §§ 201-203.

200.    Additionally, Labor Code § 203 provides that an employee's wages will continue as a penalty up to 30 days from the time the wages were due. Therefore, Enciso and Class Members are entitled to penalties pursuant to Labor Code § 203, plus interest.

### SIXTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200 *et seq.*
(Rule 23 Class Action)**

201.    Enciso realleges and incorporates all other paragraphs by reference.

202.    California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

203.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

204.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

205.    Beginning at an exact date unknown to Enciso, but at least since the date of

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

4 years prior to the filing of this Action, Staffmark has committed acts of unfair competition as defined by the UCL, be engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a. Violations of Labor Code § 510 and IWC Wage Order 4-2001 pertaining to overtime;

    b. Violations of Labor Code §§ 226.7 and 512 and Wage Order 4-2001 pertaining to meal and rest periods;

    c. Violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

    d. Violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

206.    The violations of these laws and regulations, as well as the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

207.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.* Among other things, the acts and practices have taken from Enciso and the Class Members wages rightfully earned from them, while enabling Staffmark to gain an unfair competitive advantage over law-abiding employers and competitors.

208.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

209.    Injunctive relief is necessary and appropriate to prevent Staffmark from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

210.    As a direct and proximate result of the aforementioned acts and practices, Enciso and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

211.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

212.    Enciso and the Class Members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from them during the 4-year period prior to the filing of this Complaint.

213.    Enciso's success in this action will enforce important rights affecting the public interest and in that regard Enciso sues on behalf of herself as well as others similarly situated.

214.    Enciso and the Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

215.    Enciso herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right and it would be against the interests of justice to penalize Enciso by forcing her to pay attorneys' fees from the recovery in this action.

216.    Attorneys' fees are appropriately awarded to Enciso pursuant to Code of Civil Procedure § 1021.5 and otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Individually and on behalf of the Class and Collective Members, requests the following relief:

1.    For an order finding that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b), and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action and permitting them to assert their FLSA claims;

2.    For an order equitably tolling the statute of limitations for the potential members of the FLSA Collective;

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

3.    For an order finding that the Second through Sixth Causes of Action in this Complaint may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

4.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and California Business and Professions Code;

5.    For a declaratory judgment that Staffmark violated the FLSA, California Labor Code, California law, and public policy as alleged herein;

6.    For a declaratory judgment that Staffmark violated the California Business and Professions Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the California Labor Code;

7.    For preliminary, permanent, and mandatory injunctive relief prohibiting Staffmark, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

8.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

9.    For an order awarding Plaintiff and Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts according to proof;

10.   For an order awarding Plaintiff and Class Members all penalty wages, statutory damages, and/or civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

11.   For an order awarding reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, Federal Rule of Civil Procedure 23(h), and/or other

1    applicable law;

2    12.    For all costs of suit; and

3    13.    For such other and further relief as this Court deems just and proper.

4

5                                    Respectfully submitted,

6

7    Date: June 6, 2023

8                                    /s/ William M. Hogg
                                     William M. Hogg
9                                    **JOSEPHSON DUNLAP, LLP**
                                     11 Greenway Plaza, Suite 3050
10                                   Houston, Texas 77046
                                     Tel: (713) 352-1100
11                                   Fax: (713) 352-3300
                                     whogg@mybackwages.com
12
                                     *Counsel for Plaintiff, Class, and Collective Members*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*

1

## <u>**DEMAND FOR JURY TRIAL**</u>

2      Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is

3  entitled to a jury.

4                                   Respectfully submitted,

5

6  Date: June 6, 2023

7                          /s/ William M. Hogg
                           William M. Hogg
8                          **JOSEPHSON DUNLAP, LLP**
                           11 Greenway Plaza, Suite 3050
9                          Houston, Texas 77046
                           Tel: (713) 352-1100
10                         Fax: (713) 352-3300
                           whogg@mybackwages.com
11

12                         *Counsel for Plaintiff, Class, and Collective Members*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-28-
ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Enciso, et al. v. Staffmark Investment, LLC*